```
                      UNITED STATES DISTRICT COURT

                      EASTERN DISTRICT OF LOUISIANA
```

ARTHUR SYLVE                                          CIVIL ACTION

v.                                                    NO. 14-219

LINCOLN NATIONAL                                      SECTION "F"
LIFE INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment.[1] For the reasons that follow, the motion is GRANTED.

## Background

This is an ERISA case. The plaintiff brings this suit against his insurer for failure to pay long-term disability benefits.[2] After working for his employer for over ten years and paying premiums on a disability policy with Lincoln National throughout his employment, Mr. Sylve fell off of a crane at work on March 4,

---

[1] Plaintiff's counsel improperly filed a document purporting to be both an opposition to the defendant's motion for summary judgment and the plaintiff's own cross-motion for summary judgment. Because filing two documents as one is impermissible under the Local Rules, the document was marked deficient, and the plaintiff was told to re-file. The plaintiff has never re-filed, and counsel seems to have ignored the Court's efforts to reach counsel and his staff. Out of fairness, however, the Court will consider the content of the deficient opposition. Any cross-motion from the plaintiff is untimely under the case management order, and it does not appear that the plaintiff seeks to raise any arguments outside the scope of the defendant's motion.

[2] The complaint also alludes to short-term disability benefits. Even if the plaintiff did present a claim to Lincoln National for such benefits, which is disputed, the same analysis as to the plaintiff's failure to exhaust administrative remedies applies to any claim for short-term disability benefits as well.

2011.  Sylve filed for benefits, and they were approved for a twenty-four month "Own Occupation Period" from September 2011 to September 2013.  Lincoln National wrote in September 2013 that it "must deny benefits beyond 9/1/2013."  Counsel for the plaintiff appealed this denial, writing to Lincoln National on October 15, 2013, to request a formal review and appeal of its determination.

While the appeal was pending, Lincoln National wrote to counsel for the plaintiff requesting additional medical information.  On December 2, 2013, counsel for the plaintiff followed up with a letter from Sylve's doctor regarding his disability.[3]  The letter opens with: "Please find enclosed a letter from Mr. Sylve's doctor regarding his disability."  It summarizes the doctor's findings, and the letter ends: "We hope this assists in your evaluation.  We look forward to receiving your decision."

On December 11, 2013, Lincoln National denied this first appeal.  Its letter stated, "We have completed our review of your client's Long Term Disability appeal.  Based on the information provided, we have determined that we are unable to approve benefits beyond September 1, 2013."  Lincoln National noted in its December letter: "As a reminder, your client has exhausted the first level of appeal.  If you or your client disagrees with this decision you or your client may pursue the final administrative appeal. . . .

---

[3] The plaintiff contends that this letter was his second appeal.

Such request must be made in writing . . . by May 22, 2014."

There is further communication between Lincoln National and the plaintiff's attorney and doctors in January 2014 that is noted in Lincoln National's Long-Term Disability Claim Profile.[4]  The

---

[4] See Bates-stamped pages L-001 through L-009 of the Administrative Record.  The entries from January 2014, listed on page L-002, read:

1/28/14 Sent claim to TPI for review. RHK

1/28/14 REOPEN RATIONALE FOR PAYMENT OF LFG BUY-UP FOR OO: EE is a 46 y/o male operations mgr; Occ=light. LDW=3/4/11; DOD=3/5/11; BCD=9/1/11; AO date=9/1/13. EE out d/t dx of chronic LBP, facet arthralgia, DDD, L5-S1 protrusion. EE had fall on the job on 2/4/11, however EE continued to work to 3/4/11. Injured LB and lft knee. Recs reviewed from PCP Dr. Peterson, K-Mart Pharmacy and Exam One show no tx for LBP during pre-ex period 10/1/10 to 1/1/11. Need to reopen claim to pay buy-up 9/1/11 to 9/1/13. <u>Claim should be closed after payment release as claim denied AO beyond 9/1/13 and denial upheld on appeal</u>. RHK

1/28/2014 <u>rcvd email from atty stated he never got denial letter -will email it to him today</u> jdj

1/28/14 Rcvd Exam One from A4H. Exam One shows no rx activity for pre-ex period 10/1/10 to 1/1/11. All rx activity is from 2013 and 2014. Exam One in AWD. RHK

1/23/2014 - <u>rcvd letter from atty dated Dec 2, 2013</u> - rcvd letter from Dr. Johnston dated Nov 6, 2013, <u>this was already info we had in the file - will send non-appeal letter to the atty today</u> jdj

1/21/14 <u>Reviewed claim.</u> Noted exam one not completed for pre-ex investigation. Sent email req for exam to one to A4H. Email in AWD. Once exam one rcvd, will review for additional pre-ex info. If no additional pre-ex info found, can pay OO portion under LFG that has buy-up. RHK

1/21/14 MAIL: Rcvd med recs from Dr. Peterson in AWD-tag line-GPDISCLMS-MEDRECST-30BBBBJT.HCP-1/15/14, Recs are o/t notes and lab result 2/4/11 to 5/8/12. Recs show no tx for LB during pre-ex period 10/1/10 to 1/1/11. RHK

3

plaintiff contends that his January communications with Lincoln National, in which he twice re-sent his December 2013 letter and the accompanying letter from the plaintiff's doctor,[5] were his third, fourth, and fifth requests for review.  Lincoln National maintains, however, that the plaintiff never appealed in January, as exhibited by a letter from a Lincoln National appeal specialist to counsel for the plaintiff, dated January 23, 2014, which reads in part: "We are in receipt of your letter dated December 2, 2013, and letter from Dr. Johnston dated November 6, 2013.  If it is your intent to appeal, we will need you to submit a written letter of appeal in order to commence the appeal process."[6]

Six days later, on January 29, 2014, the plaintiff filed a complaint in this Court.  The defendant moves for summary judgment,

---

1/14/14 PHONE CALL:Called Dr. Peterson's office re rec req. Spoke w/Renee. she said ck rcvd and recs faxed to 877 number on 1/8/14. We did not rcv. Agreed she would refax today. RHK

1/10/2014 <u>rcvd dup letter from atty and letter from dr no action</u> jdj

(emphasis added).

[5] It is unclear from the records kept by Lincoln National what other communication plaintiff's counsel had with Lincoln National in January 2014.  A January 21, 2014, entry in the log does say that Lincoln National "reviewed claim."  This log is the only evidence that the Court is directed to in support of any January 2014 appeals.
   Regarding the January 23 entry, Lincoln National explains that a non-appeal letter is a letter indicating that the company had not received a second-level appeal.

[6] L-247.

4

contending that the plaintiff appealed only once, not twice, thus failing to exhaust his administrative remedies as required before filing suit. The defendant argues in the alternative that its denial of the plaintiff's claim should be upheld because it was within its discretion and not arbitrary or capricious. The plaintiff counters that he requested review five times, thus exhausting all administrative remedies, and brings this action as a final appeal to the defendant. He further contends that Lincoln National arbitrarily denied his claim.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

ERISA gives a plan participant standing to bring a civil action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Before resorting to federal litigation to recover benefits, "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan." Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000) (citing Denton v. First

6

Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985)).  "One of the policies underlying the exhaustion requirement was Congress's desire that ERISA trustees, not federal courts, be responsible for their action so that not every ERISA action becomes a federal case."  Medina v. Anthem Life Ins. Co., 983 F.2d 29, 33 (5th Cir. 1993); Denton, 765 F.2d at 1300 (noting that the other two policies underlying the exhaustion requirement are to provide a clear record of administrative action and to ensure that judicial review is made under the arbitrary and capricious standard).  The exceptions to the exhaustion requirement are limited: a claimant may be excused from the exhaustion requirement if he shows either that pursuing an administrative remedy would be futile or that he has been denied meaningful access to administrative remedies.  Denton, 765 F.2d at 1302 (futility exception); Meza v. Gen. Battery Corp., 908 F.2d 1262, 1279 (5th Cir. 1990) (meaningful access exception).

    Here, the plaintiff quite simply failed to exhaust the administrative remedies before filing suit.  He was required to appeal twice, notified to do so by Lincoln National, and he appealed only once.  His attorney's subsequent contact with Lincoln National, by way of emails, phone calls, or re-sending old letters, is not a second appeal.  The plaintiff has made no substantiated allegation that pursuing the administrative remedy would have been futile in his case or that he was denied meaningful access to

administrative remedies.[7]  He erroneously contends, rather, that he appealed five times and was denied each time.  Because the plaintiff's remedy in this Court is barred as a matter of law by his failure to exhaust administrative remedies, the Court need not reach the defendant's other arguments for summary judgment.

Accordingly, IT IS ORDERED that the defendant's motion for summary judgment is hereby GRANTED, and the case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, April 8, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] The only possible reference to futility is a sentence in the conclusion of the plaintiff's opposition: "Making a claim on a disability policy that a person has paid benefits for 10 years should not be this tricky."  Futility is not mentioned in the complaint.  Moreover, the plaintiff had counsel's advice.